UNITES STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **GEORGE SCHULTZ, and SUSAN SCHULTZ individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**JAYCO, INC., a corporation; and DOES 1-25, Inclusive,**<br><br>Defendants. | Case No.: 3:23-cv-01057<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Come now George Schultz and Susan Schultz ("Plaintiffs"), and with written consent of Defendants as per Fed. R. Civ. P. 15, and files his Complaint against Jayco Inc. ("Jayco").

## INTRODUCTION

1. Plaintiffs George Schultz and Susan Schultz ("Plaintiffs"), residents of San Bernardino County, entered into the contract in the above-entitled case in the city of Riverside County, County of Riverside, State of California.

2. Defendant JAYCO, INC. is a motor home manufacturer and distributor doing business in the State of California, County of Riverside. For purposes of this complaint, JAYCO, INC. shall be referred to as "JAYCO" throughout this pleading.

3. Plaintiffs do not know the true names and capacities of Defendants herein sued as DOES 1-25 and therefore sue them by fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and hereby allege that each of the fictitiously named defendants is responsible in some manner for

the occurrences herein alleged, and that Plaintiffs' damages were proximately caused by such occurrences.

4. Plaintiffs are informed and believe and hereby allege that at all times mentioned herein, defendants, and each of them, were the agents, servants, employees and/or joint venturers of their codefendants and, as such, were acting within the course, scope and authority of said agency, employment and/or venture. Plaintiffs further allege that each act alleged herein, whether by named defendant or fictitiously named defendant, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT
## AGAINST ALL DEFENDANTS

5. Plaintiffs expressly incorporate the preceding paragraphs as though set forth fully in this cause of action.

6. In 2021, JAYCO and DOES 1-25, Inclusive, manufactured the following consumer goods item: 2021 Jayco North Point 382FLRB, Vehicle Identification Number 1UJCJOBV8M1LF0233 ("TRAILER"). JAYCO and DOES 1-25, Inclusive, manufactured this TRAILER for its eventual sale/lease to retail buyers. Defendant JAYCO and DOES 1-25, Inclusive, appended to this TRAILER an express warranty, undertaking to preserve or maintain the utility or performance of the TRAILER by means of a written statement designed to accompany the TRAILER.

7. On or about June 26, 2021, in the State of California, a retail merchant, RICHARDSON'S RV CENTER, INC. ("RICHARDSONS RV") sold this new TRAILER to Plaintiffs for their personal use. The TRAILER was sold for the purchase price of $118,649.67. Plaintiffs placed a down-payment on the TRAILER of $23,649.34 and financed $95,953.08,

2
COMPLAINT

which included the Perma Plate protection package (Surface Protection Product) at the cost of $4,293.00, Portfolio Protection (Repair Contract) at the cost of $8,293.00 and Tire Shield protection at the cost of $1,493.00. The total miles on the TRAILER at the time of purchase was 0.

8. In connection with this purchase transaction, Plaintiffs received the express warranty by JAYCO in the written statement of Defendants, JAYCO and DOES 1-25, Inclusive, which accompanied the product.

9. Plaintiffs subsequently discovered that the TRAILER failed to conform to JAYCO's specifications, in that it was defectively manufactured, designed and/or assembled. Plaintiffs thereon attempted to act on the express warranty, as subject to the requirements of California's Song-Beverly Act (the "Act"), under which Defendants, JAYCO and DOES 1-25, Inclusive, were required to and did maintain local service and repair facilities.

10. Plaintiffs are experiencing reoccurring slide-out problems, hydraulic jacks auto-leveling issues and water leaks inside of the TRAILER.  These defects substantially impair the use, value and/or safety of the TRAILER.

11. On or about October 18, 2021, Plaintiffs presented the TRAILER to the RICHARDSONS RV Center in Riverside, Ca. with several complaints.

    a.) The bedroom slide operates intermittently - sometimes does not retract (close) and sometimes does not extend (open), leaving them unable to move on their camping trip;

    b.) The jacks will not auto level;

    c.) There is a water leak when the freshwater pump is on - leaking behind the refrigerator;

    d.) The bedroom light switches are inoperable;.

    e.) The shower surround is bowing out at bottom;

    f.) The shower door squeaks badly;

g.) The living room TV HDMI cable keeps pulling out; and,

h.) The forward dining room shade is too short (doesn't cover the bottom 10 inches of the window). ***The TRAILER was in for repairs for 39 days.***

12. On April 11, 2022, Plaintiffs delivered the TRAILER to RICHARDSONS RV with the complaint that the auto leveler was still not working and that the middle hydraulic jack was leaking fluid. ***The TRAILER was in for repairs for 22 days***.

13. On or about May 20, 2022, Plaintiffs delivered the TRAILER for repairs once again to service at RICHARDSONS RV for the following reasons:

1) Water was leaking from the freshwater tap system in the kitchen island;

2) Plaintiffs could only turn on the radio from the unit supply; and,

3) The refrigerator door flapper would bind. ***The TRAILER was in for repair for 4 days***.

14. On or about July 25, 2022, Plaintiffs delivered the TRAILER again to RICHARDSONS RV for repairs to the bedroom slides. In addition, the BMPRO touchpad was not working and the shower wall under the bench seat was bubbling out. 17 days later, Plaintiffs were called to pick up the TRAILER, ***only to arrive and the bedroom slides still not working properly***. Plaintiffs were told to leave the TRAILER and that they would have someone get it fixed by the following day, as the Plaintiffs were leaving on a trip. ***The TRAILER was in for service for 18 days***.

15. On or about August 13, 2022, after having the TRAILER's slides repaired multiple times, the Plaintiffs took off for a month-long trip. At the end of their trip, they were not able to retract the bedroom slide, no matter what they did. Eventually, with a little help from a relative who does electrical work, they were able to close the slide and get back home.

COMPLAINT

16. Upon their return, on August 24, 2022, Plaintiffs took the TRAILER to RICHARDSONS RV for repairs of the bedroom slide only operating intermittently, making this vehicle unsafe and unreliable to be used as intended, and that the living room TV was not getting signal from the HDMI. ***The TRAILER was in for service for 21 days.***

17. On September 15, Plaintiffs picked up the TRAILER from RICHARDSONS RV and immediately placed it into storage at an indoor facility. So far, every attempt to repair has failed.

18. On or about August 24, 2022**,** Defendants JAYCO and DOES, 1-25, Inclusive, willfully violated the provisions of the Act and breached the express and implied warranties made to Plaintiffs, including the implied warranties of merchantability and fitness for use, by failing to repair the TRAILER in spite of being given multiple opportunities to do so.  In addition, Defendants failed to return the consideration paid by Plaintiffs, or failed to replace the defective TRAILER.  Plaintiffs performed all conditions precedent necessary to require the contractual performance of services by Defendants, JAYCO and DOES 1-25, Inclusive. Plaintiffs gave notification to these Defendants, but these Defendants, although receiving such notification, failed to replace the TRAILER or return the consideration paid, although Plaintiffs persisted in reminding these Defendants of their warranty obligations.

19. The complaints that Plaintiffs have had with the TRAILER, as described above, substantially impair the use, value and/or safety of the TRAILER, and thus constitute nonconformity within the meaning intended in California Civil Code §1793.2 and 1794.

20. Plaintiffs were damaged as a result of such willful violation in that Plaintiffs were obligated, and have paid Defendants JAYCO and DOES 1-25, Inclusive, the sum of not less than $118,649.67 and have incurred incidental and consequential damages, including, without limitation, attorney's fees, costs and expenses under Song-Beverly**.**

COMPLAINT

21. By September 15, 2022, Plaintiffs' notice of violation, Defendants willfully violated the Song Beverly Consumer Warranty Act in that Plaintiffs had attempted to have the slide-out issues repaired by the manufacturer or its agents, and such repairs have failed.  As a proximate result of Defendants' willful failure to observe their obligations under the Song-Beverly Act, as alleged, Plaintiffs are entitled to a civil penalty of not less than two times the amount of actual damages, along with reasonable attorney fees according to proof, against Defendants.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTIES PURSUANT TO SONG-BEVERLY CONSUMER WARRANTY ACT AGAINST ALL DEFENDANTS

22. Plaintiffs expressly incorporate the preceding paragraphs as though set forth in full in this paragraph.

23. Based upon the facts as described above, Plaintiffs were sold a product that was neither merchantable, nor fit for the purposes it was ordinarily used.  California Civil Code §1791.1 reads, in part, as follows:

> "(a) 'Implied warranty of merchantability' or 'implied warranty that goods are merchantable' means that the consumer goods meet each of the following"
>
>     ….. (2) Are fit for the ordinary purposes for which goods are used."

"(b) 'Implied warranty of fitness' means (1) that when the retailer, distributor, or manufacturer has reason to know any particular purpose for which the consumer goods are required, and further, that the buyer is relying on the skill and judgment of the seller to select and furnish suitable goods, then there is an implied warranty that the goods shall be fit for such purpose.

24. On or about June 16, 2021, Defendants JAYCO and DOES 1-25, Inclusive, breached the implied warranty made to Plaintiffs by injecting into the stream of commerce, for ultimate retail purchase, goods which did not conform to the implied warranties of merchantability and

fitness, and by failing to furnish a TRAILER suitable to Plaintiffs' needs and purposes. Plaintiffs required and requested, and believed they were purchasing, a reliable and safe TRAILER. In fact, TRAILER has severe slide-out issues and other defects. In addition, Defendants JAYCO and DOES 1-25, Inclusive, failed to return the consideration paid by Plaintiffs as requested by Plaintiffs. Plaintiffs have performed all conditions precedent necessary to require the contractual performance of services by Defendants JAYCO and DOES 1-25, Inclusive. Plaintiffs gave notification to these Defendants, but these Defendants, although receiving such notification, refused to return the consideration paid, although Plaintiffs persisted in demanding that these Defendants honor their warranty obligations.

25. The complaints that Plaintiffs have had with the subject TRAILER, as described above, substantially impair the use, value and/or safety of the TRAILER to the buyer, and thus constitute nonconformities within the meaning intended in <u>California Civil Code</u> §1793.2 and 1794.

26. Plaintiffs were damaged as a result of such willful violation in that Plaintiffs were obligated, and have paid Defendants JAYCO and DOES 1-25, Inclusive, the sum of not less than $118,649.67 and have incurred incidental and consequential damages, including, without limitation, attorney's fees, costs and expenses.

## THIRD CAUSE OF ACTION
## BREACH OF EXPRESS AND IMPLIED WARRANTIES PURSUANT TO MANGNUSON-MOSS CONSUMER WARRANTY ACT
## AGAINST ALL DEFENDANTS

27. Plaintiffs expressly incorporates preceding paragraphs as though set forth fully in the cause of action.

28. On or about the year 2021, JAYCO, and DOES 1-25, Inclusive, manufactured the following consumer goods item: 2021 Jayco Northpoint 382FLRB, TRAILER Identification

COMPLAINT

Number 1UJCJOBV8M1LF0233 ("TRAILER"). Defendants JAYCO and DOES 1-25, Inclusive, manufactured this TRAILER for its eventual sale to retail buyers. Defendants JAYCO and DOES 1-25, Inclusive, included with the sale of this TRAILER express warranties, undertaking to preserve or maintain the utility or performance of the TRAILER by means of written statements designed to accompany the TRAILER.

29. In connection with this sales transaction, Plaintiff received the express warranties of Defendants JAYCO and DOES 1-25, Inclusive in the written statement of Defendants, which accompanied the product.

30. From the date of delivery the subject TRAILER failed to conform to Defendants' specifications, in that it was defectively manufactured, designed and/or assembled.

31. Plaintiffs experienced severe problems with the TRAILER immediately following the purchase and continuing to the present, which have substantially impaired the use, value, and safety of the TRAILER to Plaintiffs.

32. Plaintiffs delivered the TRAILER to RICHARDSONS RV for the defective slide-out operation, auto leveling issue, and water leaks inside the TRAILER, but Defendants have failed to repair the issues under the applicable express and implied warranties.

33. Through the conduct alleged above, Defendants, and each of them, have violated and breached express and implied warranties under the Magnuson-Moss Consumer Warranty Act provisions under 15 U.S.C.A. §2301 et seq.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**
**AGAINST JAYCO AND DOES 1-25, INCLUSIVE**

34. Plaintiffs re-allege and incorporate all preceding paragraphs as though set forth in full in this cause of action.

35. Defendants JAYCO and DOES 1-25, Inclusive, have specifically violated the California Consumer Legal Remedies Act in at least the following ways:

    a. Civ. Code Section 1770 (a) (5) and (7): representing that goods have characteristics or uses that they do not have; representing that goods are of a particular standard, grade or quality when they are of a lesser standard, grade or quality. Paragraphs 11 through 16, above, are specifically incorporated by reference regarding the poor quality of this RV.

    b. Civ. Code Section 1770 (a) (14) and (19): inserting an unconscionable provision in a contract and inserting a provision prohibited by law: JAYCO and DOES 1-25, Inclusive, conceal in its warranty a provision calling for venue of any dispute to be transferred to court in Indiana (home state of JAYCO), even for sales made in California to California consumers. California Consumer Legal Remedies Act, Civ. Code Section 1780 (d), specifically provides for jurisdiction and venue "…in the county where the transaction, or any substantial portion thereof occurred." In this case, this is Riverside County. Under Civ. Code Section 1751, this provision cannot be waived.

36. The warranty of JAYCO and DOES 1-25, Inclusive, is unconscionable because it would be an extreme burden and expense for the plaintiffs to pursue this action in Indiana. Further, the venue clause is buried in the JAYCO warranty manual, is not a part of the contract and is specifically concealed in such a way that consumers will never notice it if and when they review the warranty.

37. Plaintiffs seek an injunction under the Consumer Legal Remedies Act against any application of the JAYCO choice-of-venue clause. Plaintiffs also seek attorney's fees, costs and expenses in connection with this injunction.

37A. Plaintiffs also seek all general and special damages available under the Consumer Legal Remedies Act.

COMPLAINT

37B. Plaintiffs allege that defendants' violations of the Consumer Legal Remedies Act were knowingly and deliberately pursued with malice, fraud and oppression towards plaintiffs and other buyers of defendants' products.  Attempting to force plaintiffs to litigate in a distant state, potentially without the benefits of California laws or California legal assistance although he is a California citizen and consumer, is oppressive, and deliberately so.  Selling dangerously defective merchandise to consumers and not honoring any commitment to cure the defects is similarly fraudulent, malicious and oppressive.  Plaintiffs allege that these acts were knowingly authorized and ratified by management-level employees of the defendants and undertaken with a conscious disregard of plaintiffs' rights.  In addition to general and special damages, plaintiffs seek an assessment of punitive damages against defendants JAYCO and DOES 1-25, Inclusive.

**WHEREFORE, Plaintiffs pray for judgment as follows:**

**FOR THE FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:**

1. For general and special damages according to proof;

2. For incidental and consequential damages pursuant to Commercial Code §2715 according to proof;

3. For a civil penalty of up to two times' plaintiffs' actual damages;

4. For reasonable attorney's fees as provided by Civil Code §1794;

5. For costs of suit herein and expenses; and,

6. For such other and further relief as the Court may deem proper.

**FOR THE SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:**

1. For general and special damages according to proof as provided by California Civil Code beginning at §1794;

2. For incidental and consequential damages pursuant to California Commercial Code §2715 according to proof;

COMPLAINT

   3. For general damages according to proof, and specifically as allowed by California Commercial Code §2715(b);

   4. For reasonable attorney fees as provided by California Civil Code §1794;

   5. For costs of suit herein; and

   6. For such other and further relief as the Court may deem proper.

**FOR THE THIRD CAUSE OF ACTION FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES PURSUANT TO MAGNUSON-MOSS CONSUMER WARRANTY ACT AGAINST ALL DEFENDANTS:**

   1. For general and special damages according to proof as provided by 15 USCA Section 2310;

   2. For reasonable attorney fees as provided by 15 USCA Section 2310;

   3. For such civil penalties as may be available under California law; and,

   4. For costs of suit herein and expenses.

**FOR THE FOURTH CAUSE OF ACTION AGAINST JAYCO AND DOES 1-25, INCLUSIVE:**

   1. For injunctive relief to prevent JAYCO and DOES 1-25, Inclusive, from using the unconscionable venue clause in this case or in any case where the sale of the RV occurs in the State of California;

   2. For attorney's fees, costs and expenses;

   3. For general and special damages, including incidental and consequential damages, under the Consumer Legal Remedies Act;

   4. For punitive damages against defendants; and,

   5. For such other relief as the court deems proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues alleged.

Respectfully submitted,

*/s/ Keith Hagan*

Keith Hagan
Hofer Hagan LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
keith@hoferhagan.com
(317) 531-4575